UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PREMIER JETS, INC.,

      Plaintiff,

      v.                                      Civil No. 08-142-HA

HONEYWELL INTERNATIONAL, INC.;      OPINION AND ORDER
HONEYWELL, INC.; ALLIED-SIGNAL,
INC.; and ALLIEDSIGNAL, INC.,

      Defendants.

HAGGERTY, Chief Judge:

      Before the court is defendants Honeywell International, Inc., Honeywell, Inc., Allied-Signal, Inc., and AlliedSignal, Inc.'s (collectively "Honeywell") Motion to Dismiss First Amended Complaint or Transfer [9]. After considering the arguments before the court, defendants' motion is granted and this action is dismissed without prejudice.

1  - OPINION AND ORDER

I.      BACKGROUND

Premier Jets, Inc. ("Premier") filed suit against Honeywell in the Circuit Court of the State of Oregon. Honeywell removed the case to this court under 28 U.S.C. § 1441. The complaint alleges that Premier first entered into a twelve-month maintenance service plan contract ("MSP") with Honeywell in September 1993. Amend. Compl. ¶ 7. The parties entered into MSPs for successive twelve-month periods over the next thirteen years, until Honeywell terminated the then-current MSP in August 2006. *Id.* ¶ 8. The MSPs include payment of a monthly "usage rate" for aircraft maintenance parts and services. *Id.* ¶¶ 10-11. These usage rates were, in part, intended to pay for goods and services needed later in the contract period. *Id.* ¶ 14. However, the MSPs are silent as to what percentage of usage rates paid would be refundable if the MSP was terminated. *Id.* ¶ 15. Plaintiff suggests that the MSPs were structured such that it received more favorable usage rates each subsequent year that it entered into an MSP. *Id.* ¶ 16.

The complaint states only one cause for relief – for rescission of the MSP contracts entered into since 2001. The basis for this claim is an allegation that Honeywell has been in violation of provisions of the Oregon Service Contract Act ("OSCA") since 1993. Specifically, the complaint asserts that Honeywell has, and continues to violate O.R.S. §§ 646.265(2), 646.267(3), 646.267(7), 646.269(1), 646.269(7), and 646.281. *Id.* ¶¶ 21-24. Plaintiff acknowledges that there is no private right of action or injunctive remedy available under the OSCA. *Id.* ¶ 25. Plaintiff seeks recompense for the sums paid under MSPs since 2001, in an amount of $1,123,973.59, plus attorney's fees. *Id.* ¶ 31.

II.     DISCUSSION

Defendants have moved to: (1) dismiss the complaint for improper venue under Federal

2  - OPINION AND ORDER

Rule of Civil Procedure 12(b)(3) based on the forum selection clause of the MSP; (2) transfer the case to the District of Arizona under 28 U.S.C. § 1404(a); or (3) dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Because the court grants the motion to dismiss for improper venue, the latter alternative motions are not addressed.

1.      **Nature of Forum Selection Clause**

Premier first argues that the forum selection clause in the contract is permissive, and thus does not preclude suit in fora other than Arizona.  The interpretation and enforcement of forum selection clauses in diversity cases is a matter of federal law.  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).  "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."  *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).  *Council of Laborers* offers a discussion of the type of contract language creating a mandatory forum.  For example, the phrase "this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other)," created a mandatory forum.  *Id.* (quoting *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275 (9th Cir. 1984)).  Similarly, the phrase "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia," created a mandatory forum.  *Id.* (quoting *Docksider Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)).  On the other hand, a clause stating that "the Courts of Orange County, California, 'shall have jurisdiction over the parties in any action' arising out of the contract," did not create a mandatory forum.  *Id.* at 1036 (quoting *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.3d 75, 76 (9th Cir. 1987)).  Nor did language stating that arbitration "shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California," create a mandatory forum.  *Id.*

Here, in Article X, entitled "Applicable Law and Forum," the 2006-2007 MSP contains

3  - OPINION AND ORDER

the following forum selection language: "This Contract shall be interpreted in accordance with the laws of the State of Arizona, exclusive of any choice of law rule of that State, or any other jurisdiction which could cause any matter to be referred to the law or jurisdiction other than that State. *The parties hereto agree that any litigation arising out of this Contract shall be in Arizona*."  Roseberry Decl. Ex 1 Art. X (emphasis added).  This language clearly sets out both the controlling law (Arizona), and the forum for dispute resolution.  The forum choice clause covers "any litigation" and dictates that it "shall be in Arizona."  While the clauses at issue in *Hunt Wesson* and *Council of Laborers* also included the word "shall," the context of the clauses in those cases did not dictate that the named forum be the exclusive venue.  Like in *Docksider*, the clause in the MSP not only indicates assent to venue in Arizona, but also dictates that any litigation shall occur there.  Accordingly, the court holds that the forum selection clause is mandatory.

        2.        **Enforcement of Forum Selection Clause**

Premier next argues that, even if the forum selection clause is mandatory, the case should not be dismissed because it is improper to dismiss cases under Rule 12(b)(3) after they have been removed under 28 U.S.C. § 1441.  It also argues that the forum selection clause is unenforceable under *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972).

        a.        **Enforcing Forum Selection after Removal**

In supplemental briefing, Premier raises an argument based on the Sixth Circuit's holding in *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531 (6th Cir. 2002).  In *Kerobo*, the district court granted a Rule 12(b)(3) motion to dismiss a complaint removed from state court.  *Id.* at 534.  In reversing that decision, the Sixth Circuit held that venue was proper under § 1441, that a forum selection clause could not make the venue improper, and that thus dismissal under Rule 12(b)(3) was not appropriate.  *Id.* at 535-36 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487

4  - OPINION AND ORDER

U.S. 22 (1988)).  In response, Honeywell argues that in *Manetti-Farrow*, the Ninth Circuit differed from the Sixth Circuit in its interpretation of *Stewart*, and that in this circuit a Rule 12(b)(3) motion is the proper vehicle for the enforcement of a forum selection clause.  858 F.2d at 512 n.2.  The difficulty here is that in *Manetti-Farrow*, the suit was filed in federal district court, and not in state court, and thus venue under the removal statute was not in play.  *Id.* at 511.  To the extent that *Manetti-Farrow* addresses *Stewart*, it does so in the context of determining that forum selection is a procedural issue that should be determined according to federal law.

As an initial matter, in the Ninth Circuit, motions to dismiss based on forum selection clauses are to be evaluated under Rule 12(b)(3), because "[u]nder the Supreme Court's standard for resolving motions to dismiss based on a forum selection clause, the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis."  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  What Premier and *Kerobo* fail to address is whether objections to improper venue are waived by the removal statue.  Thus, the real question to be answered here is whether, after removing a matter to federal court, the defendant may then attack venue, notwithstanding § 1441(a), which dictates that a case "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The Supreme Court has explained that § 1441(a) governs venue in removed cases, and that venue need not be established under other federal venue statutes.  *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953).  But, removal to federal court is not a panacea for jurisdictional defects present in state court complaints.  For example, "where a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case."  *Freeman v. Bee Mach. Co*, 319 U.S. 448 (1943) (citing *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258

5   - OPINION AND ORDER

U.S. 377 (1922)). Similarly, for venue defects, Judge Learned Hand explained that "[w]hen a defendant removes an action from state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'" *Greenberg v. Giannini*, 140 F.2d 550, 552 (2d Cir. 1944). Although it did not explicitly address the *Kerobo* theory, the Ninth Circuit has affirmed the dismissal of a case based on improper venue under a forum selection clause after the case was removed under § 1441(a). *See Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865 (9th Cir. 1991). Accordingly, the court finds that a defendant who has removed a case may still seek dismissal on the basis of venue. Thus, Honeywell's motion is not precluded by the fact that the case was removed.

    **b.  Repudiation under *Bremen***

  Forum selection clauses "are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow*, 858 F.2d at 514 (quoting *M/S Bremen*, 407 U.S. at 15) (alteration in original). "The party seeking to avoid the forum selection clause bears 'a heavy burden of proof.'" *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (en banc) (quoting *M/S Bremen*, 407 U.S. at 17). However, the court has recognized "three grounds for repudiating a forum selection clause: first if the inclusion of the clause in the agreement was the product of fraud or overreaching; second if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and third 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" *Id.* (citing and quoting *M/S Bremen*, 407 U.S. at 12-13, 15).

  Premier argues that the second and third *Bremen* grounds apply here. It alleges that it

6 - OPINION AND ORDER

would be effectively deprived of its day in court if this case was heard in Arizona. The basis for that argument boils down to a claim that it would be more expensive and inconvenient for the case to be litigated in that forum. However, it is unclear how added expense and inconvenience would "effectively deprive" Premier of its day in court. *See Crown Bev. Co. v. Cerveceria Moctezuma, S.A.*, 663 F.2d 886, 888-89 (9th Cir. 1981) (per curiam) (affirming dismissal under forum selection clause that forced a small company to litigate in a Mexican court). Arizona is not a particularly distant or foreign forum. To the extent that Oregon law may be at issue, the expertise of Premier's Oregon lawyers is still available, regardless of the venue for litigation. Further, counsel could continue to represent the company and could presumably be admitted pro hac vice if Premier wishes for them to appear. *See, e.g.*, D. Ariz. LRCiv 83.1(b)(3) ("An attorney who is admitted to practice in another U.S. District Court, and who has been retained to appear in this Court may, upon written application and in the discretion of the Court, be permitted to appear and participate in a particular case."). Further, in light of the significant amount of money paid and claimed by Premier in its complaint, the de minimis additional cost of litigation in a nearby forum hardly qualifies as a deprivation under *Bremen.*

It is also unclear how enforcement of the forum selection clause would contravene a strong public policy of Oregon. The OSCA undeniably embodies, at least in part, a public policy decision by the Oregon legislature concerning service contracts. However, it is also undeniable that no cause of action lies under the OSCA, and that this action instead is grounded on the theory that a contract made in violation of a statute is voidable. In that respect, Premier asserts that the same result would be reached under both Arizona and Oregon law. *See* Opp'n at 13 n.3. The questions of the interaction between alleged non-compliance with provisions of the OSCA and the common law of contracts allowing rescission will likely need to be answered by whichever court resolves the merits of this dispute. Given the Arizona choice of law set forth in

7  - OPINION AND ORDER

the MSP, there will also necessarily be questions of Arizona law at issue. Although some Oregon policy interest may be served by having this court evaluate the meaning of the OSCA, those interests are not sufficient to meet Premier's heavy burden to repudiate the forum selection clause.

## III.   CONCLUSION

The forum selection clause in the MSP is valid, binding, and enforced by this court. For the foregoing reasons, defendants' Motion to Dismiss First Amended Complaint or Transfer [9] is granted and this matter is DISMISSED WITHOUT PREJUDICE for improper venue.

IT IS SO ORDERED.

DATED this  21  day of April, 2008.

                                                /s/ Ancer L. Haggerty  
                                                Ancer L. Haggerty  
                                       United States District Judge